|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | JS-6 |
| **CENTRAL DISTRICT OF CALIFORNIA** | |

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 25-8028-JFW(Ex)** | Date:  November 18, 2025 |
| Title: | Misheal Daniell McCoy -v- FCA US, LLC, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [filed 10/21/2025; Docket No. 16]**

On October 21, 2025, Plaintiff Misheal Daniell McCoy ("Plaintiff") filed a Motion to Remand. On November 3, 2025, Defendant FCA US, LLC ("Defendant" or "FCA") filed its Opposition.  On November 10, 2025, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for November 24 2025 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On March 21, 2025, Plaintiff filed a Complaint against FCA and Champion CDJRF in Los Angeles County Superior Court.  In the First Amended Complaint filed on July 24, 2025, Plaintiff alleges that, on or about September 12, 2018, he leased a 2019 RAM 1500 ("Subject Vehicle") manufactured and/or distributed by FCA.  Plaintiff subsequently exercised the purchase option in the lease.   Plaintiff alleges that he experienced various defects in the Subject Vehicle, including but not limited to misfires, rough idle, stalling, loss of power, failure of the stop/start feature, oil leak, failure to start, coolant leak, check engine light, radio/infotainment screen/reverse camera malfunction, slipping in gear, and failure of USB ports.   Plaintiff alleges that he presented the Subject Vehicle to authorized repair facilities on multiple occasions but that he continued to experience symptoms of the defects after the repairs.  Plaintiff alleges causes of action for: (1) violation of Subdivision (D) of California Civil Code Section 1793.2; (2) violation of Subdivision (B) of California Civil Code Section 1793.2; (3) violation of Subdivision (A)(3) of California Civil Code Section 1793.2; (4) breach of the implied warranty of merchantability (California Civil Code §§

1791.1, 1794, 1795.5) (5) negligent repair; and (6) fraudulent inducement/concealment.[1]  Plaintiff seeks, *inter alia*, actual damages, a civil penalty up to two times Plaintiff's actual damages, and attorneys' fees.

On July 30, 2025, Plaintiff filed a Request for Dismissal as to Champion CDJRF, which was granted.  On August 25, 2025, FCA filed a Notice of Removal, alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## II.     LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

## III.    DISCUSSION

In the Motion, Plaintiff argues that FCA has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.  In its Opposition, FCA argues that it is has met its burden.

### A.     FCA Has Failed to Demonstrate By a Preponderance of the Evidence That The Amount in Controversy Exceeds $75,000.

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  A notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.*" Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). However, if the plaintiff contests, or the Court questions, the defendant's allegations, the defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Id.*; 28 U.S.C. § 1446(c)(2)(B).

In this case, the Court concludes that FCA has failed to carry its burden of demonstrating that the amount in controversy exceeds $75,000.  In its Opposition, FCA contends that it has demonstrated that the amount in controversy exceeds $75,000 based on: (1) the lease price of the

---

[1]The first, second, third, fourth, and sixth causes of action are alleged against FCA.  The fifth cause of action for negligent repair was alleged against Champion CDJRF.

Subject Vehicle ($24,648.64); (2) civil penalties in the amount of two times the lease price ($49,297.28); and (3) attorneys' fees in the amount of $25,000. However, FCA's amount in controversy calculation fails to account for the statutory mileage offset, or the reduction in actual damages to account for Plaintiff's use of the car before he took it in for repairs.[2] See Cal. Civ. Code § 1793.2(d)(2)(C) ("[T]he amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity"); *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2019) ("Consideration of the [u]se [o]ffset was appropriate. We have recognized that an estimate of the amount in controversy must be reduced if 'a specific rule of law or measure of damages limits the amount of damages recoverable.'") (citations omitted). FCA's failure to reduce actual damages to account for Plaintiff's use of the car is especially significant in this case because Plaintiff has driven the Subject Vehicle for 6.5 years before filing suit, and, as a result, "it is possible that Plaintiff drove the car for many miles before [taking] it in for repair." *D'Amico v. Ford Motor Co.*, 2020 WL 2614610, at *2 (C.D. Cal. May 21, 2020) (remanding the action where the defendant failed to take into account the mileage offset in alleging amount in controversy where plaintiff drove the car for three years prior to seeking repairs); *see also Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (remanding the action where the defendants "failed to take into account the mileage offset in alleging that the amount in controversy exceeds the jurisdictional minimum"); *Eberle v. Jaguar Land Rover N. Am., LLC*, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (remanding the action, even where the purchase price of the vehicle was high, because the defendant "offered no maintenance record or any other facts to assist the Court in determining what the actual damages might be without resorting to speculation").

With respect to a civil penalty, FCA has also failed to carry its burden. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages. See Cal. Civ. Code § 1794(c). In this case, any attempt to determine or calculate the amount of the civil penalty would be speculative. *See Edwards v. Ford Motor Company*, 2016 WL 6583585, *4 (C.D. Cal. Nov. 4, 2016) (finding that the defendant's failure to establish the amount of actual damages precluded the Court from determining the amount of a civil penalty). Because FCA has failed to establish the amount of actual damages, FCA has also failed to adequately demonstrate the potential civil penalty. *See Eberle v. Jaguar Land Rover North America, LLC*, 2018 WL 4674598, *2 (C.D. Cal. Sept. 26, 2018) (finding that where the amount of actual damages is speculative, the court is unable to determine whether a civil penalty might be imposed).

With respect to attorneys' fees, the Court concludes that FCA has failed to demonstrate by a preponderance of the evidence what amount of attorneys' fees might be requested or awarded in this case. *Savall v. FCA US, LLC*, 2021 WL 1661051 (S.D. Cal. Apr. 28, 2021) ("Here, FCA provides no estimate as to Plaintiff's attorneys' fees that have accrued or will accrue. Without making some effort to set forth the value of attorneys' fees Plaintiff is expected to incur, or that

---

[2]Courts calculate the statutory mileage offset, or use offset, by multiplying the price paid for the vehicle "by a fraction having [as] its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle for correction of the problem." *Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (internal citations omitted).

Plaintiff has incurred, FCA has failed to meet its burden or showing that the amount of attorneys' fees at issue satisfies the amount in controversy.  Accordingly, there is doubt as to the amount of possible attorneys fees that could be included in the amount in controversy").  Although attorneys' fees that accrue after the filing of a notice of removal may be included in an estimate of the amount in controversy, the removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and to "make this showing with summary-judgment-type evidence."  *Fritsch*, 899 F.3d at 795. FCA has failed to proffer any evidence of attorneys' fees actually incurred in this action, and FCA has failed to demonstrate how the facts and circumstances of this action are similar to any other potentially relevant cases where attorneys' fees have been awarded.  *See Castillo v. FCA US LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (holding that FCA had failed to meet its burden to demonstrate the value of attorneys' fees)*; see also Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (finding that the defendant failed to establish the amount in controversy when including attorneys' fees without estimating "the amount of time each major task will take," or varying the hourly billing rate for each task); *Schneider v. Ford Motor Company*, 441 F.Supp. 3d 909, 914 (N.D. Cal. 2020) ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same.  They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases").

Therefore, the Court concludes that FCA has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000.  Accordingly, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

### B. FCA Failed to File a Proposed Statement of Decision.

The Court's Standing Order, filed on September 2, 2025 (Docket No. 10), provides in relevant part:  "Not more than two days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record."  Standing Order, § 5(f).  The deadline for filing the Reply was November 10, 2025, and, thus, the deadline for filing the Proposed Statement of Decision was November 12, 2025 *See* L.R. 7-10.  FCA failed to timely file and still has not filed the required Proposed Statement of Decision.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."  In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion."  Standing Order, § 5(f).  Accordingly, pursuant to Local Rule 7-12 and the Standing Order, Plaintiff's Motion to Remand is granted on the alternative ground that FCA failed to file a Proposed Statement of Decision.

### IV. CONCLUSION

For all the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED,** and this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.